IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| L'ERIN FERGUSON<br><br>Plaintiff,<br><br>v.<br><br>GENERAL REVENUE CORPORATION,<br><br>Defendant. | FILED: DECEMBER 31, 2008<br>08 CV 7459<br>JUDGE GUZMAN<br>MAGISTRATE JUDGE VALDEZ<br>BR<br><br>Jury Demanded |

## COMPLAINT

1. Plaintiff L'Erin Ferguson brings this action to secure redress against defendant General Revenue Corporation ("General Revenue"), for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 et seq. and invasion of privacy.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction for the FDCPA claims under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. § 1692k(d). Venue lies in this district because a substantial portion of the events took place here, and because defendant performs collections here. 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an individual who resides in this District.

4. Defendant General Revenue is a foreign corporation with a principal place of business in Ohio.

5. Defendant regularly uses the mail and telephone to attempt to collect consumer debt and is a debt collector under the FDCPA.

**FACTS**

6. On November 6, 2008, Mohammed, a collector with General Revenue Corporation contacted Ms. Ferguson at her place of employment.

7. Mohammed identified himself as being with the Internal Revenue Service.

8. He asked plaintiff to verify her social security number, told her that she owed money on a student loan and that he was going to garnish her wages. Ms. Ferguson informed Mohammed that she was not allowed to receive collection calls at her place of employment and hung up on him. Mohammed continued to call her at work.

9. On November 7, 2008, Ms. Ferguson sent a letter to General Revenue Corporation disputing the debt, requesting verification of the debt and requesting that all communication be in writing and sent to 2081 Best Place, Apt.#6, Aurora, Illinois 60506. Ms. Ferguson also requested that company cease contact with her at her place of employment.

10. General Revenue Corporation sent plaintiff a letter dated November 12, 2008 that appears to be the first letter sent that was triggered by Mohammed's November 5, 2008 telephone call to plaintiff. The letter contains the required §1692(g) notice, but does not verify the debt or address plaintiff's November 7, 2008 letter.

11. On December 5, 2008, Ms. Ferguson was informed by her Manager, John Marinelli, that Ryan Cruz from the legal department of National Procasting Division contacted him twice regarding the same debt that Mohammed called about. Mr. Cruz demanded that someone from the legal department call him regarding a notification that officers would come to the office to arrest Ms. Ferguson.

12. Mr. Cruz then told Mr. Marinelli that plaintiff would be arrested at work and Mr. Cruz started to give detailed information regarding Ms. Ferguson including her social security

number until Mr. Marinelli stopped him.

13. On December 5, 2008, Valerie Stanton, a co-worker of Ms. Ferguson, received a call from Ryan at or around 1:30 p.m on the general work number. On information and belief, this Ryan is Ryan Cruz who already spoke to Mr. Marinelli .

14. Ryan informed Ms. Stanton that he was trying to reach Ms. Ferguson and that she had lien against her that she needed to handle.

15. Ms. Stanton transferred Ryan's call to Ms. Ferguson however, he received her voice mail box. Ryan continued to call repeatedly over the next 90 minutes. Between the hours of 1:30 p.m. and 3:00 p.m., Ms. Stanton received 14 calls from Ryan and it appeared that he was using multiple lines.

16. During one of the conversations with Ryan, Ms. Stanton informed Ryan that he was harassing and that she would report him if he continues. Ryan disconnected the call but immediately called again.

17. Also on December 5, 2008, Tammy DeSimone, direct supervisor of Ms. Ferguson received a call from Ryan who identified himself as from the Law Office of Ryan.

18. Ryan informed Ms. DeSimone that there was an arbitration against Ms. Ferguson and she had been found guilty but would not disclose the nature of the offense.

19. Ms. Stanton informed Ryan that personal calls were not allowed in the work place and that he should contact her by mail. Ryan terminated the call but immediately called again.

20. At approximately 2:45 p.m., on December 5, 2008, Calene E. Schimke, a co-worker of Ms. Ferguson took a call at another employee's, Jasmine Drew, desk from Ryan. He insisted on speaking with Ms. Ferguson and proceeded to inform Ms. Scimke that he was from a law office and plaintiff had a court date for an incident in which she was found guilty.

21. Ms. Schimke informed Ryan that he needed to contact plaintiff at her home and that plaintiff previously sent a fax to stop contacting plaintiff's place of employment. Ms. Schimke informed Ryan not to contact Ms. Ferguson at work and she terminated the call. Ryan immediately called back numerous times.

22. On December 9, 2008, plaintiff filed an incident report with her employer regarding the above communications.

23. As a direct result of defendant's actions, plaintiff's personal and private information was disclosed to numerous other employees, her reputation has been damaged and she has suffered mental anguish.

**COUNT I - FDCPA**

24. Plaintiff incorporates all previous allegations herein.

25. General Revenue violated 15 U.S.C. § 1692c(a) and (b), by communicating at a place where it knew would be inconvenient for plaintiff and communicating with plaintiff's employer regarding an alleged debt and

26. General Revenue violated 15 U.S.C. § 1692c(c), by continuing to contact her at work after it received a cease communication letter.

27. General Revenue violated 15 U.S.C. § 1692d, by attempting to harass and annoy Ms. Ferguson into paying an alleged debt.

28. General Revenue violated 15 U.S.C. § 1692e, by using deceptive means to attempt to get Ms. Ferguson to pay an alleged debt.

29. General Revenue violated 15 U.S.C. § 1692g, by continuing to attempt to collect the alleged debt prior to providing validation of said debt after receipt of written request for validation by plaintiff.

30. Plaintiff was damaged by these actions as she suffered stress and inconvenience, her privacy was invaded and her reputation was damaged as a direct result of General Revenue's actions.

WHEREFORE, plaintiff requests damages in the sum of:

    a. Actual damages;

    b. Statutory damages;

    c. Attorney fees for this lawsuit, along with costs pursuant to 15 U.S.C. §1692k; and

    d. Any other relief the Court deems just and proper.

## COUNT II – INVASION OF PRIVACY

31. Plaintiff incorporates all previous allegations herein.

32. Defendant intruded upon seclusion of plaintiff when it communicated to a third party regarding plaintiff's private information.

33. Defendant's actions intruded on the plaintiff's seclusion or private affairs in a way that would be highly offensive to a reasonable person.

34. Plaintiff was damaged as a proximate result of defendant's actions.

WHEREFORE, Plaintiff, asks that this Court enter judgment in his favor and against defendant and award damages as follows:

    a. Actual damages in an amount to be proven at trial;

    b. Punitive damages in an amount sufficient to deter defendants and other similarly-situated from engaging in similar conduct in the future;

    c. Any such other relief the court deems appropriate.

## COUNT III – VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT

35. Plaintiff incorporates all previous allegations herein.

36. Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, states:

**Unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission or any material fact, with intent that others reply upon the concealment, suppression or omission or such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations or the Federal Trade Commission and the federal courts relating to Section 5(a) or the Federal Trade Commission Act.**

37. Defendant engaged in unfair and deceptive acts and practices as set forth above, in violation of ICFA § 2, 815 ILCS 505/2.

38. Defendant intended plaintiff to rely on its actions.

39. Defendant engaged in such conduct in the course of trade and commerce.

40. As a result of defendant's actions, plaintiff's privacy was invaded, her reputation at work was damaged, and she suffered emotional distress.

WHEREFORE, plaintiff requests the following relief in favor of plaintiff and against defendant:

    A. Actual damages and;

    B. Punitive damages;

    C. Attorney's fees, litigation expenses and costs of suit;

    D. Such other or further relief as the Court deems just and proper.

        Respectfully Submitted

        <u>/s/ Keith J. Keogh</u>
        Keith J. Keogh

Keith J. Keogh
Ainat Margarlit
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Suite 2000
Chicago, Illinois 60606
(312) 726-1092 (office)
(312) 726-1093 (fax)

### JURY DEMAND

        Plaintiff demands trial by jury.
        <u>/s/ Keith J. Keogh</u>
        Keith J. Keogh

## NOTICE OF ATTORNEY'S LIEN

PLEASE TAKE NOTICE that plaintiff, L'erin Ferguson (hereinafter referred to as Claimant) has placed in our hands for suit or collection a certain suit, claim, demand or cause of action as a result of the actions of the defendant as set out in the attached complaint. You are hereby notified that said Claimant has entered into a contract with us to pay as compensation for services rendered in and about the prosecution of said suit, claim, demand or cause of action, a sum equal to our fees or one-third of any amount recovered by way of suit settlement, adjustment or otherwise plus expenses.

YOU ARE FURTHER NOTIFIED that by virtue of the Attorney's Lien Law of Illinois, Chapter 13, Illinois Revised Statutes, Section 14, as amended, we claim a lien to the extent of our interest, as above set forth in said claim, demand, suit or cause of action, which lien by virtue of said law, attached to any verdict, judgment or order entered and to any money or property which may be recovered on account of such suit, claim, demand or cause of action, from and after service of this Notice.

By: /s/Keith J. Keogh
Attorney for Claimant